# GEORGE M. UPSHUR et al., THE BOARD OF POLICE COMMISSIONERS FOR THE CITY OF BALTIMORE, *vs.* SAMUEL T. HAMILTON.

*Police Force of Baltimore City—Marshal of Police Not Within the Act of 1900, ch. 16, Relating to the Appointment and Removal of Policemen.*

At the time when the petitioner was appointed Marshal of Police of Baltimore City his term of office as prescribed by statute was four years. Before the expiration of his term the Act of 1900, ch. 16, was passed. That Act provided for the creation of a Board of Police Examiners in said city to ascertain by competitive examination the qualifications of every candidate for appointment to or promotion in the police force, except the Marshal, counsel and surgeons, and to report to the Board of Police Commissioners graded lists of the persons examined. One section of the Act provides that the Police Commissioners shall not make the appointment or promotion of any police officer, except Marshal, counsel, surgeons, etc., whose name does not appear upon the graded lists furnished by the examiners, and "all police officers, officers of police and detectives, secretaries, clerks and employees, other than counsel and police surgeons of the department shall be retained on the force during good behavior and efficiency by the Board of Police Commissioners and may be removed by the said board for official misconduct or inefficiency and then only after written charges preferred specifying the time, place," etc., and trial had before the board. Upon the expiration of the term for which petitioner was originally appointed Marshal, the Board of Police Commissioners treated the office as vacant and placed another person in charge of it. Petitioner applied for a *mandamus* to be restored to the office, alleging that he had been removed without charges of official misconduct and without a trial. *Held,*

1st. That the object of the Act of 1900, ch. 16, was to secure the appointment and promotion of policemen after competitive examination and the retention in office during good behavior of the policemen so appointed, but that the Marshal of Police, who is the chief executive officer of the board, is not within either the letter or the spirit of the Act, and the appointment to and tenure of that office remain as before the passing of the Act, and the petitioner is consequently not entitled to the relief asked for.

2nd. That the Act of 1900, ch. 425, which amended the charter of Baltimore City so as to make it conform to the provisions of the Act of 1900, ch. 16, and provided that "nothing herein contained shall be construed to legislate out of office any police officer now on the force," has no bearing upon the question of the tenure of office of the Marshal of Police.

Appeal from the Baltimore City Court (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Alonzo L. Miles* for the appellants.

Applying the fundamental rules of construction to ch. 16, the appellants contend that the language of sec. 745F does not apply to the Marshal of Police ; in other words, that the Marshal of Police is not a member of the *police force* within the meaning and intent of the Act.

It is entitled "An Act to provide for the creation of a Board of Police Examiners for Baltimore City to define and prescribe the duties thereof and to regulate appointments to, promotions, reductions in ranks and transfers in and removals from the *police force* of said city, &c." It does not repeal, by express reference thereto, any section of the pre-existing law. It adds six additional sections to the law, each and every one of which refers to the Police Examiners, their powers and duties, and the method of appointment to and promotion in the *police force* through said examiners.

Section 745E prescribes the form of application for appointment to or promotion in the *"police force."*

Section 745F refers to the duties of the Police Commissioners, but only in connection with the powers of the Police Examiners. It states that "the said Board of Police Commissioners shall not confirm the nomination or make the appointment or promotion of any police officer, officer of police or detective, *except the Marshal of Police, etc.,* whose name does not appear upon the *graded lists to be furnished* said Board of Police Commissioners *by the said Board of Police Examiners."*

Then follows in the same section, and the next sentence, the language upon which the appellee relies to retain him indefinitely in office : "All police officers, officers of police and detectives, secretaries, clerks and employes, other than counsel and police surgeons, of the Police Department of Baltimore City shall be *retained on the force* during good behavior and

efficiency by the Board of Police Commissioners and may be removed for official misconduct or inefficiency, and then only after written charges preferred," &c.

Can it be successfully or even reasonably argued that the latter sentence, in quotations, refers to different police officers and officers of police than the former and immediately preceeding sentence, in the same section, from which the Marshal is excepted?

If the words police officer and officer of police (with the language except the Marshal of Police stricken out) do not include the Marshal in that sentence of sec. 745F which refers to appointments to office, how can the very same words, in the very next sentence of the same section, be held to include the Marshal when referring to retention in office, and especially when the language used is that such officers shall be retained *on the force,* and wherever the words *force* or *police force* are used elsewhere in the Act, they refer to appointments or promotions from the *graded lists?*

Wherever the Marshal is mentioned in the Act, it is to except him in terms from its provisions, and wherever he is not in terms excepted, reference is had to the provisions from which he is excepted.

Is not the inevitable conclusion of it all that the whole purpose, scope and intent of ch. 16 of the Acts of 1900, are to provide a new and different method of appointments to, promotions in and removals from the *police force* by the adoption of the merit or civil service system, and that its makers had no intention to include any officers other than those who come within the merit or civil service provisions?

*T. Wallis Blakistone,* for the appellee.

Section 745D of the Act applies to every candidate for appointment to or promotion in the police force, except the Marshal, captain of detectives, etc. Can it be contended that the Marshal and captain of detectives are not members of the " police force?" If they are not members of the police force, why except them in this section, which provides that all other

candidates for the police force shall go before the Board of Examiners?

Section 745F. makes it still clearer that the Marshal is a member of the police force, for, in providing for appointments to the force, the commissioners are limited to the graded lists furnished by the Board of Examiners as to all appointees, including police officers, officers of police, or detectives, except the Marshal of Police and captain of detectives, counsel and surgeons. Why, again, when speaking of police officers, officers of police, or detectives, should they except the Marshal, if he is not a "police officer or officer of police?"

Then we come to the part of the Act in the same section, which affects the tenure of office. It will be seen in this part of the Act, that the Legislature, in providing for the retention during good behavior and efficiency of the greater part of the force, not only adds the words "secretaries, clerks and employees" (who are not required to go before the Board of Examiners), but fails to except the words "Marshal of Police and captain of detectives." Thus evidently including them under one or the other head of "police officers, officers of police and detectives." And the only parties not intended by the Legislature to be retained during good behavior or efficiency, and who could be removed without written charges, notice, trial, etc., are the "counsel and police surgeons of the police department," who are in terms expressly excepted from the provision.

Section 745 of the new charter of Baltimore City, which was repealed and re-enacted by chapter 425 of the Acts of 1900, provided that the Board of Police Commissioners immediately on entering upon the duties of their office should appoint, enroll and employ a permanent police force for the city of Baltimore, and then went on to say : "Said *police force* shall consist of one Marshal, and one deputy marshal of police, etc."

Chapter 425, Acts of 1900, which re-enacted section 745 of the new charter, says : "Said police force shall consist of one Marshal, and one deputy marshal of police, etc., etc."

It then provides for the pay of the Marshal, deputy marshal, captains, lieutenants, round sergeants, sergeants, etc. The Marshal is in terms made a part of the said "*police force*," and paid as provided, and then, lest chapter 425 should be considered as in any manner changing or altering the method of appointments, or the tenure of office, it uses this unmistakable language: "Provided, however, that nothing herein contained shall be construed in any manner changing or altering the method of making appointments to, promotions in, or removals from, the police force, as prescribed in chapter sixteen of the Acts of the General Assembly of nineteen hundred, but said police force shall be regulated and managed in all respects in accordance with said chapter sixteen of said Acts of Assembly of nineteen hundred ; and provided further, that nothing herein contained shall be construed to legislate out of office any police officer, detective or officer of police *now on the force*, or any employee of the Board of Police Commissioners."

The provisions of the two Acts of Assembly, above quoted and referred to, have been fully construed by this Court in the recent case of *George M. Upshur et al., The Board of Police Commissioners of the City of Baltimore,* v. *Bernard J. Ward,* 94 Md. 778; and it only remains for this Court to say whether the Marshal of Police of the police force of Baltimore City is a "police officer" or "officer of police," and, being such, whether he was a member of the "Police Department of Baltimore City," and came within the language of chapter 425, Acts of 1900, which provided for the retention, during good behavior, etc., of those "now on the force." If he wasn't, what was he?

PAGE, J., delivered the opinion of the Court.

In this case the appellee filed his petition for the writ of *mandamus* requiring the Board of Police Commissioners of Baltimore City to restore him to the office of Marshal of Police.

The conceded facts of the case, are, that the appellee was

appointed Marshal, on the seventh day of October, 1897, for the term of four years from that date. Having duly qualified by taking the prescribed oath, and giving bond, he entered upon the discharge of the duties of the office, and performed them faithfully and diligently up to the seventh day of October, 1901. On the second day of October, he was notified by the board that his term of office would expire on the seventh instant. On the fourth he wrote to the board applying for "reappointment." On the seventh by order of the board the "deputy marshal" was "placed in charge of the office until the election of a Marshal" and since that date the board have refused to recognize the appellee as Marshal or to permit him to perform the duties of said position or to pay him the salary prescribed by law for the same.

The petition alleges that the board "attempted the removal" of the appellee without having preferred against him written charges of official misconduct or inefficiency and that their action in the premises was without warrant of law. The appellants reply to this, that they did not remove him from the said office, but that the term of his office had expired by operation of law and they had so notified him, and that since such notification they had not paid him any salary or recognized him as Marshal of Police.

The lower Court having ordered the writ to issue as prayed the board has appealed.

At the date of the appointment of the appellee, the period of appointment in the regular police force was four years, as fixed by the statute. Sec. 726, Art. 4, Code of P. L. L. (1888); Acts of 1898, ch. 123, sec. 745. His term of office therefore expired on the seventh day of October, 1901, and on that day he went out of office unless, as the effect of legislation enacted after his appointment and before the expiration of his term, his right to continue in office was extended. It is contended on the part of the appellee that such is the legal effect of the Acts of 1900, chapters 16 and 425; and that by the provisions of these Acts the term of the Marshal was extended, so that it continued until he had been tried and con-

victed on written charges of official misconduct or inefficiency. The particular clause of chapter 16, especially relied on by the appellee, is contained in section 745F, and is as follows: "All police officers, officers of police and detectives, secretaries, clerks and employees, other than counsel and police surgeons of the Police Department shall be retained on the force during good behavior and efficiency by the said Board of Police Commissioners of the city of Baltimore and may be removed by the said Board of Police Commissioners for official misconduct or inefficiency, and then only after written charges preferred specifying the time, place and character of such misconduct or inefficiency, and trial had before the Board of Police Commissioners, after reasonable notice thereof." Much stress was also laid in argument upon the provisions of chapter 425, the terms of which will be more particularly referred to later on. The determination of the question involved in this appeal, depends therefore upon the proper construction of these Acts, so far as they are supposed to affect the particular matter with which we have to deal.

The objects of the Legislature in the passage of these Acts " was to free the men and officers of the police force of Baltimore City from any arbitrary interference on the part of the Board of Police Commissioners" and provide "a permanent police force," that should be " entirely out of the field of political and religious differences, controversies and influences." With the view of accomplishing these ends, the Legislature provided by chapter 16 for a Board of Police Examiners, to be appointed by the Governor, with power to make and enforce rules for carrying out the provisions of the Act, to ascertain by competitive examination the qualifications of every candidate for appointment to or promotion in the police force, and to report to the Board of Police Commissioners " graded lists of those persons whom they may deem qualified;" and it is from these graded lists, that " all nominations for appointment to or promotion in " the service are to be made. The Marshal, the captain of detectives, counsel and surgeons, are in special terms excepted from the operation of these provi-

sions.   There is nothing indeed in any part of the Act that
places any obligation upon the Police Commissioners to make
their appointments to any of the positions last named from the
graded lists.   Section 745E prescribes what applications shall
be made and papers filed before the Board of Examiners, and
designates the circumstances under which it may refuse to
examine an applicant, or, after examination, to "certify are
eligible."   Having thus in the sections we have been referring
to provided for a Board of Examiners, defined its duties and
designated the classes of applicants, whose names must ap-
pear on the graded lists, it is prescribed in the next section—
745F—how the Police Commissioners shall deal with the
graded lists.   This was a necessary part of the system, be-
cause if the commissioners could ignore the graded lists, the
entire labor of the examiners would be in vain.   Moreover,
in order to insure the creation of the "best possible police
force," it may have been deemed requisite to establish the
principles which should guide the commissioners in making
their selections.   This section prohibits any appointment for
any position (except Marshal, &c.) of any person whose name
is not on the graded list, directs the board to confirm or reject
all nominations made by the examiners and commands that
"ecclesiastical and party ties" shall not be regarded.   As in
the preceding clauses of the Act, the Marshal, captain of de-
tectives, counsel and surgeons are specially excepted.   So
also the rule is established as to the manner in which removals
shall be made.   "All police officers, officers of police and de-
tectives, secretaries, clerks and employees, other than counsel
and police surgeons" are to be retained during good behavior
and may not be removed except after trial and conviction on
written charges of official misconduct or inefficiency.   When
the whole law is considered can it be questioned that the
"police officers, officers of police and detectives" referred to in
this clause, are such officers as are mentioned in the preced-
ing sections of the law, whose names must appear on the
graded lists and whose nominations by the examiners must be
"confirmed or rejected" by the commissioners?   These offi-

cers it is presumed will be appointed because of their efficiency as tested by the competitive examinations and the report of the examiners, and it would therefore seem proper that they should be retained until it had been demonstrated by the methods fixed by the statute that they are not proper persons to remain on the force. But such considerations do not apply to the case of the Marshal who is required to stand no examination and whose name need not be on the graded lists. In every other respect the Marshal is clearly excepted from the Act, and his case is outside of the system. Why therefore should the words "police officer, officer of police" be held to include Marshal, when to do so would be to affix another and different meaning to them than that which they have in every other part of the Act? This would we think, do violence to the intent upon which this statute was framed. That was to create a system by which the officers and men of the force were to be chosen and retained in office. But it was not intended that the Marshal should be included in the scheme. The Marshal is the chief executive officer of the force, and as such is in peculiarly close relationship with the board. He advises with it from time to time upon all matters that he may deem proper for the better government of the police force, and he is charged with the "duty under the instructions of the board to see that all laws of the State and ordinances of the city, the execution of which devolves upon the police force are duly observed and enforced and that the rules and regulations prescribed and all orders issued by the board are strictly observed. The legislative will, as manifested in this Act, was that the chief executive officer of the force should be selected by the board at their free and unrestricted will, so that they might obtain a Marshal who was not only intellectually equipped for the duties of the position, but also in sympathy with them in their methods of administration. We do not think therefore, that according either to the spirit or letter of the Act the Marshal can be included within its provisions and that the appointment and tenure of that position remain as they existed at the time the appellee went into the office.

But there is also another feature, requisite to complete the system contemplated by the Act we have been considering; and that is the adjustment of the status of those who were on the force at the date of the passage of the Act. This was suplied by chapter 425, Acts 1900. This Act amends section 745 of the charter of Baltimore, so as to make it conform to the provisions of the new statute, but it provided, that nothing therein contained, "shall in any manner change or alter the methods of making appointments in or removals from the police force as prescribed in chapter 16." It also contains the following clause : "Provided further that nothing herein contained shall be construed to legislate out of office any police officer, detective or officer of police now on the force, or any employee of the Board of Police Commissioners." The previous Act had provided how removals could be made, this clause merely declares that nothing in chap. 425, should have the effect of legislating any one out of office. They therefore remain in notwithstanding the legislation if they were on the force at the time the Act was approved. *Upshur et al.* v. *Bernard J. Ward*, 94 Md. 778.

But this clause, if taken alone, throws no light upon the question as to the term of the Marshal, or how he may be removed. It is immaterial here as to what the powers of the commissioners are with respect to his removal, the issue being as to whether his term did or did not expire on the seventh day of October, in consequence whereof his official existence terminated.

We have seen that his term of office was not affected by chap. 16, and we think that chap. 425, makes no further change in the law in that respect. The action of the Board of Police Commissioners in placing the deputy marshal in charge of the office was therefore in our opinion warranted by law, and the Court below erred in ordering the *mandamus* to issue. The order will be reversed.

*Order reversed and petition dismissed*
*with costs to the appellant.*

(Decided June 19th, 1902.)